# In the United States District Court
# Arizona, District

Chester L. Wallace ) Class-Action
James J. Burchette ) Jury Demand
Plaintiffs )

v. ) Case # ______

Branden Kartchner, )
Pima County Attorney

Deputy County Attorneys
Public Defender of
Pima County
Asst. Public Defender,
Alan Bond &
Pima County Sheriff
Defendants




## Civil Action

**Jurisdiction:**

This Court has original jurisdiction under 42 U.S.C. 1983 & 1985 and the plaintiffs hereby envoke this Court's jurisdiction over state law pursuant to 28 U.S.C. 1331...

**Venue:**

Venue is proper in the District Court for Arizona @ Tucson...

## Statement of Facts

On September 28th, 2020, plaintiff James Burchette was arrested in Tucson on a probable cause arrest charging him with aggravated assault. On October 7th, 2020, Burchette was indicted by a Pima County Grand Jury. No prelimenary hearing was ever conducted.

On June 12th, 2021, plaintiff Chester Wallace was arrested in Tucson on a probable cause arrest charging him with aggravated assault. On June 22th, 2021, Wallace was indicted by a Pima County Grand Jury. Likewise, no prelimenary hearing was ever conducted and, an attorney to Wallace said in a detailed letter how in Pima County, no prelimenary hearings are ever conducted. see attached exhibits...

## Cause of Action

It is the contention of the plaintiffs that the Pima County Attorney's Office is engaged in an ongoing conspiracy to deprive them, and hundreds of other criminal defendants, of their most "fundamental

Due Process Rights" afforded to them by the U.S. Constitution and the state Constitution of Arizona. It is a widely known fact that 99% of all defendants in criminal cases in Pima County never go to a prelimenary hearing. Thus, both plaintiffs contend that the Pima County Attorney, Deputy County Attorneys and the Public Defender's Office, including Attorney Alan Bond, have all conspired to deprived them of their right to confront their accusers and to present exculpatory evidence in their cases.

The plaintiffs allege they were denied the right to compel witnesses in their favor and are continueously being denied the right to a speedy trial. The plaintiffs allege that everytime they assert any rights, including the mandatorily proscribed right under Rule 5.1 (c)(1), to be released on their own recognizance due to the states failure to conduct prelimenary hearings within 10 days for in custody defendants, the Attorneys, the judge etc., file for a Rule 11 mental examination simply to postpone proceedings even longer to coerce defendants into guilty pleas. See Ariz. R. Crim. P.

Furthermore, the plaintiffs Allege, As A matter of fact, that Branden Kartchner And All other County Attorneys, go directly to A grand jury And give false testimony, whether it be explicit or implied, their mere presence denotes that probable cause had been found and that A bind over order had been issued when infact, these things never occurred. Also, As in the case with plaintiff Wallace, the County Attorney's Office presented false evidence to the grand jury. It is Wallace's contention that they presented A firearm when A firearm has never been A part of his case. (see Attached Indictment)

Therefore, if it were not for the illegal Actions of the Pima County Attorney's Office, Acting in conspiracy with the Public Defender's Office, to deny both plaintiffs their most fundamental due process Rights Afforded to them under the U.S. Constitution, under the 6th, 4th and 14th Amendments, both plaintiffs would certainly be free and At liberty to pursue their lives like All other U.S. Citizens.

Wherefore, both plaintiffs allege that County Attorney Branden Kartchner, his Deputy Attorneys and the Public Defender's Office, including Alan Bond, who knew or should have known, that the actions of the County Attorneys Office would result in the illegal confinement of his client, James J. Burchette, and he blatantly refused to uphold the laws of the State of Arizona and the U.S. Constitution, thus, depriving plaintiff Burchette of all of his rights and his freedom for a year now and counting.

Likewise, plaintiff Chester L. Wallace has suffered the very same deprivations, being denied his rights afforded him under the U.S. Constitution, by the Pima County Attorney, Branden Kartchner and his deputies, where they refused to give him a prelimenary hearing when requested on June 29th, 2021. Both plaintiffs have remained in custody inspite of Arizona's "mandatory release" provision under Rule 5.1 (c)(1) Ariz. R. Crim. P., in furtherance of a Pima County ongoing conspiracy. And both plaintiffs remain illegally confined at the Pima County Detention Center.

Both plaintiffs, Wallace & Burchette, allege that neither of them were given a prelimenary hearing within 10 days, as is prescribed under law, and they both swear, under penalty of perjury, that neither of them waived their rights to a hearing in open court.

Therefore, the plaintiffs contend that County Attorney, Branden Kartchner, his deputy Attorneys (who'll be named soon on discovery) and the Public Defenders' Office, including Attorney Alan Bond, all Intentionally, knowingly and Willingly, with a complete disregard for the law and the plaintiff's rights, secured to them under the law, and with extreme malice, did conspire and effectuate procedures and actions that deprive the plaintiffs and hundreds of others of their Constitutional Rights and the Equal Protection of the laws of this Nation.

Each of the aforementioned defendants have all acted in their official capacities, under title of their respective offices, with a culpable state of mind and "Under Color of State law.."

Therefore, and for the foregoing reasons, defendants Branden Kartchner (County Attorney), his deputy Attorneys (who'll be named on discovery), Attorney Alan Bond and the Public Defender (who'll also be named on discovery), are all sued in their personal and individual capacities for damages only.

The Pima County Attorney, Branden Kartchner and the Public Defender of Pima County are also sued in their Official capacities for Injunctive Relief only. The Sheriff of Pima County is also sued in his Official capacity for Injunctive Relief...

## Prayer of Relief

The plaintiffs both petition this Honorable Court to award them the sum of $3,000 daily, for each day they're illegally confined, only to toll the day of their release, in Compensatory Damages.
Also, both plaintiffs seek Punitive Damages in the amount of $9,000 daily until released. All Damages are sought individually for each plaintiff.

Injunctive Relief:

The plaintiffs seek a Permanent Injunction, Enjoining the defendants from ever implementing the same unconstitutional procedures and practices again.

Also, the plaintiffs would ask this Court to order the defendants to respect and follow the laws of this State and this Country. And finally, the plaintiffs seek an Injunction ordering the Sheriff of Pima County to remove the paint from all the windows and to run outside recreation daily...

Verification or Affirmation

We the plaintiffs, Chester W. Wallace and James J. Burchette, while being fully competent and of sound mind & body, do hereby Swear or Affirm, under penalty of perjury, that every allegation made in this Complaint is True and Accurate to the best of our knowledge and Belief pursuant to 28 U.S.C. 1746...

Further Affiant Saith Not: This the 15th day of August 2021...

C. Lawson Wallace — Plaintiff

James J. Burchette — Plaintiff

cc Copy:

County Attorney's Office &
Public Defender

33 N. Stone Ave. 21st Floor,
Tucson, AZ. 85701

Plaintiffs Request A full copy. "Filed"

Send to:

Chester L. Wallace # 210612074
2-C-35

James J. Burchette # 200928041
2-C-35
P.O. Box 951
Tucson, AZ. 85702

# AFFIDAVIT

STATE OF ARIZONA
COUNTY OF PIMA

I, JAMES J. BURCHETTE, WHILE BEING FULLY COMPENTENT AND OF SOUND MIND AND BODY, DO HEARBY SWEAR OR AFFIRM UNDER PENALTY OF PURJURY THAT I ONLY BECAME AWARE OF A CAUSE OF ACTION IN THE ATTACHED COMPLAINT ENTITTLED WALLACE E.T. A.L V. KARTCHNER E.T. A.L, ON AUGUEST 7, 2021

FUTHER AFFIANT SAITH NOT:

THIS AFFIRMATION IS PERSUANT TO 28 U.S.C. 1746

This the 15th day of August, 2021

RESPECTFULLY,

James J. Burchette